Kane Moon (SBN 249834)
Allen Feghali (SBN 301080)
Jacquelyne VanEmmerik (SBN 339338)
**MOON LAW GROUP, P.C.**
725 South Figueroa Street, 31st Floor
Los Angeles, California 90017
Telephone: (213) 232-3128
Facsimile: (213) 232-3125
Email: kmoon@moonlawgroup.com
Email: afeghali@moonlawgroup.com
Email: jvanemmerik@moonlawgroup.com

*Attorneys for Plaintiffs,*
*Raymond Kietsathit and Andrew Ocon*

Christian J. Keeney (SBN 269533)
Alis M. Moon (SBN 293897)
Semarnpreet Kaur (SBN 328518)
**JACKSON LEWIS P.C.**
200 Spectrum Center Drive, Suite 500
Irvine, CA 92618
Tel: (949) 885-1360
Fax: (949) 885-1380
Christian.Keeney@jacksonlewis.com
Alis.Moon@jacksonlewis.com
Semarnpreet.Kaur@jacksonlewis.com

*Attorneys for Defendant*
*CENTRAL TRANSPORT LLC*

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAYMOND KIETSATHIT and ANDREW OCON, individually, and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>CENTRAL TRANSPORT LLC; and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No.:  2:24−cv−02493−KJM−JDP<br><br>Assigned to: Honorable Kimberly J. Mueller, Courtroom 3; Magistrate Judge Jeremy D. Peterson<br><br>**[PROPOSED] STIPULATED PROTECTIVE ORDER**<br><br>Action Filed: July 30, 2024<br>Action Removed: September 12, 2024 |

## 1. INTRODUCTION

### 1.1 PURPOSES AND LIMITATIONS

Disclosure and discovery in this action may involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the Parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order. The Parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under applicable legal principles. The Parties further acknowledge, as set forth in Section 12.3 below, that this Stipulated Protective Order does not entitle them to file Confidential Information under seal; Civil Local Rule 141 sets forth the procedures that must be followed and the standards that will be applied when a Party seeks permission from the Court to file material under seal.

### 1.2 GOOD CAUSE STATEMENT

As a wage and hour class action, this action is likely to involve discovery of putative class members' contact information and other sensitive information in which the putative class members have a legally protected privacy interest under the California Constitution. *See, e.g., Belaire-West Landscape, Inc. v. Superior Court*, 149 Cal. App. 4th 554 (2007). This action may additionally involve discovery of records that include commercial, financial and proprietary information for which special protection from public disclosure and from use for any purpose other than prosecution of this action is warranted. Such confidential and proprietary materials and information consist of, among other things, confidential business or financial information, tax filings, information regarding confidential business practices, and other confidential research, development, or commercial information, information otherwise generally unavailable to the public, or which may be privileged or otherwise protected from disclosure under state or federal statutes, court rules, case decisions, or common law.

Accordingly, to expedite the flow of information, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to adequately protect information the parties are entitled

to keep confidential, to ensure that the parties are permitted reasonable necessary uses of such material in preparation for and in the conduct of trial, to address their handling at the end of the litigation, and to serve the ends of justice, a protective order for such information is justified in this matter. It is the intent of the parties that information will not be designated as confidential for tactical reasons and that nothing be so designated without a good faith belief that it has been maintained in a confidential, non-public manner, and there is good cause why it should not be part of the public record of this case.

2. <u>DEFINITIONS</u>

2.1 <u>Action</u>: *RAYMOND KIETSATHIT and ANDREW OCON, individually, and on behalf of all others similarly situated v. CENTRAL TRANSPORT LLC; and DOES 1 through 10, inclusive*; Case No2:24−CV−02493−KJM−JDP.

2.2 <u>Challenging Party</u>: a Party or Nonparty that challenges the designation of information or items under this Order.

2.3 <u>"CONFIDENTIAL" Information or Items</u>: information (regardless of how it is generated, stored, or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c) and as specified above in the Good Cause Statement.

2.4 <u>Counsel</u>: Outside Counsel of Record and In-House Counsel (as well as their support staff).

2.5 <u>Designating Party</u>: a Party or Nonparty that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL."

2.6 <u>Disclosure or Discovery Material</u>: all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.7 <u>Expert</u>: a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action.

2.8 <u>In-House Counsel</u>: attorneys who are employees of a Party to this Action. In-House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.9 <u>Nonparty</u>: any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.10 <u>Outside Counsel of Record</u>: attorneys who are not employees of a Party to this Action but are retained to represent or advise a Party and have appeared in this Action on behalf of that Party or are affiliated with a law firm that has appeared on behalf of that Party, including support staff.

2.11 <u>Party</u>: any Party to this Action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

2.12 <u>Producing Party</u>: a Party or Nonparty that produces Disclosure or Discovery Material in this Action.

2.13 <u>Professional Vendors</u>: persons or entities that provide litigation support services (for example, photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.14 <u>Protected Material</u>: any Disclosure or Discovery Material that is designated as "CONFIDENTIAL."

2.15 <u>Receiving Party</u>: a Party that receives Disclosure or Discovery Material from a Producing Party.

3. <u>SCOPE</u>

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above) but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material.  Any use of Protected Material at trial will be governed by a separate agreement or the orders of the trial judge.  This Order does not govern the use of Protected Material at trial.

4. <u>DURATION</u>

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order will remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition is the later of (1) dismissal of all claims and defenses in this Action,

1  with or without prejudice, or (2) final judgment after the completion and exhaustion of all appeals, re-
2  hearings, remands, trials, or reviews of this Action, including the time limits for filing any motions or
3  applications for extension of time under applicable law.

4     5. <u>DESIGNATING PROTECTED MATERIAL</u>

5     5.1 <u>Exercise of Restraint and Care in Designating Material for Protection</u>. Each Party or
6  Nonparty that designates information or items for protection under this Order must take care to limit
7  any such designation to specific material that qualifies under the appropriate standards. The
8  Designating Party must designate for protection only those parts of material, documents, items, or oral
9  or written communications that qualify so that other portions of the material, documents, items, or
10 communications for which protection is not warranted are not swept unjustifiably within the ambit of
11 this Order.

12    Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown
13 to be clearly unjustified or that have been made for an improper purpose (for example, to unnecessarily
14 encumber the case-development process or to impose unnecessary expenses and burdens on other
15 parties) may expose the Designating Party to sanctions.

16    If it comes to a Designating Party's attention that information or items it designated for
17 protection do not qualify for that level of protection, that Designating Party must promptly notify all
18 other Parties that it is withdrawing the inapplicable designation.

19    5.2 <u>Manner and Timing of Designations</u>. Except as otherwise provided in this Order,
20 Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so
21 designated before the material is disclosed or produced.

22    Designation in conformity with this Order requires the following:

23    (a) for information in documentary form (for example, paper or electronic documents but
24 excluding transcripts of depositions or other pretrial or trial proceedings), the Producing Party must
25 affix at a minimum the legend "CONFIDENTIAL" to each page that contains Protected Material. If
26 only a portion or portions of the material on a page qualify for protection, the Producing Party must
27 clearly identify the protected portion(s) (for example, by making appropriate markings in the margins).
28

A Party or Nonparty that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which documents it would like copied and produced. During the inspection and before the designation, all material made available for inspection must be treated as "CONFIDENTIAL." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order. Then, before producing the specified documents, the Producing Party must affix the "CONFIDENTIAL" legend to each page that contains Protected Material. If only a portion or portions of the material on a page qualify for protection, the Producing Party also must clearly identify the protected portion(s) (for example, by making appropriate markings in the margins).

(b) for testimony given in depositions or in other pretrial or trial proceedings, the Designating Party must identify the Disclosure or Discovery Material that is protected on the record, before the close of the deposition, or by notifying the other party in writing that the material is protected within 30 days of receiving the transcript of the deposition.

(c) for information produced in some form other than documentary and for any other tangible items, the Producing Party must affix in a prominent place on the exterior of the container or containers in which the information is stored the legend "CONFIDENTIAL." If only a portion or portions of the information warrant protection, the Producing Party, to the extent practicable, must identify the protected portion(s).

5.3 <u>Inadvertent Failures to Designate</u>. If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for that material. On timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

6. <u>CHALLENGING CONFIDENTIALITY DESIGNATIONS</u>

6.1 <u>Timing of Challenges.</u> Any Party or Non-Party may challenge a designation of confidentiality at any time. Unless a prompt challenge to a Designating Party's confidentiality

1  designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens,
2  or a significant disruption or delay of the litigation, a Party does not waive its right to challenge a
3  confidentiality designation by electing not to mount a challenge promptly after the original designation
4  is disclosed.

5        6.2 <u>Meet and Confer</u>. The Challenging Party shall initiate the dispute resolution process by
6  providing written notice of each designation it is challenging and describing the basis for each
7  challenge. To avoid ambiguity as to whether a challenge has been made, the written notice must recite
8  that the challenge to confidentiality is being made in accordance with this specific paragraph of the
9  Protective Order. The parties shall attempt to resolve each challenge in good faith and must begin the
10 process by conferring directly (in voice to voice dialogue; other forms of communication are not
11 sufficient) within 14 days of the date of service of notice. In conferring, the Challenging Party must
12 explain the basis for its belief that the confidentiality designation was not proper and must give the
13 Designating Party an opportunity to review the designated material, to reconsider the circumstances,
14 and, if no change in designation is offered, to explain the basis for the chosen designation. A
15 Challenging Party may proceed to the next stage of the challenge process only if it has engaged in this
16 meet and confer process first or establishes that the Designating Party is unwilling to participate in the
17 meet and confer process in a timely manner.

18       6.3 <u>Meet and Confer</u>. Judicial Intervention. If the Parties cannot resolve a challenge without
19 court intervention, the Designating Party shall file and serve a motion to retain confidentiality within
20 21 days of the initial notice of challenge or within 14 days of the parties agreeing that the meet and
21 confer process will not resolve their dispute, whichever is earlier. Each such motion must be
22 accompanied by a competent declaration affirming that the movant has complied with the meet and
23 confer requirements imposed in the preceding paragraph. Failure by the Designating Party to make
24 such a motion including the required declaration within 21 days (or 14 days, if applicable) shall
25 automatically waive the confidentiality designation for each challenged designation. In addition, the
26 Challenging Party may file a motion challenging a confidentiality designation at any time if there is
27 good cause for doing so, including a challenge to the designation of a deposition transcript or any
28

portions thereof. Any motion brought pursuant to this provision must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed by the preceding paragraph.

The burden of persuasion in any such proceeding is on the Designating Party. Frivolous challenges, and those made for an improper purpose (for example, to harass or impose unnecessary expenses and burdens on other parties), may expose the Challenging Party to sanctions. Unless the Designating Party has waived or withdrawn the confidentiality designation, all parties must continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the Court rules on the challenge.

7. ACCESS TO AND USE OF PROTECTED MATERIAL

7.1 Basic Principles. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Nonparty in connection with this Action only for prosecuting, defending, or attempting to settle this Action. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the Action has been terminated, a Receiving Party must comply with the provisions of Section 13 below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a manner sufficiently secure to ensure that access is limited to the persons authorized under this Order.

7.2 Disclosure of "CONFIDENTIAL" Information or Items. Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to the following people:

(a) the Receiving Party's Outside Counsel of Record in this Action, as well as employees of that Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this Action;

(b) the officers, directors, and employees (including In-House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this Action;

(c) Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably

necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d) the Court and its personnel;

(e) court reporters and their staff;

(f) professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(g) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information; and

(h) during their depositions, witnesses and attorneys for witnesses to whom disclosure is reasonably necessary, provided that the deposing party requests that the witness sign the form attached as Exhibit A hereto and the witnesses will not be permitted to keep any confidential information unless they sign the form, unless otherwise agreed by the Designating Party or ordered by the Court. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material may be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Order.

8. <u>PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION</u>

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this Action as "CONFIDENTIAL," that Party must

(a) promptly notify in writing the Designating Party. Such notification must include a copy of the subpoena or court order unless prohibited by law;

(b) promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification must include a copy of this Order; and

(c) cooperate with respect to all reasonable procedures sought to be pursued by the Designating

Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order should not produce any information designated in this action as "CONFIDENTIAL" before a determination on the protective-order request by the relevant court unless the Party has obtained the Designating Party's permission. The Designating Party bears the burden and expense of seeking protection of its Confidential Material, and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this Action to disobey a lawful directive from another court.

9. <u>A NONPARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION</u>

(a) The terms of this Order are applicable to information produced by a Nonparty in this Action and designated as "CONFIDENTIAL." Such information is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Nonparty from seeking additional protections.

(b) In the event that a Party is required by a valid discovery request to produce a Nonparty's Confidential Information in its possession and the Party is subject to an agreement with the Nonparty not to produce the Nonparty's Confidential Information, then the Party must:

(1) promptly notify in writing the Requesting Party and the Nonparty that some or all of the information requested is subject to a confidentiality agreement with a Nonparty;

(2) promptly provide the Nonparty with a copy of this Order, the relevant discovery request(s), and a reasonably specific description of the information requested; and

(3) make the information requested available for inspection by the Nonparty, if requested.

(c) If the Nonparty fails to seek a protective order within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Nonparty's Confidential Information responsive to the discovery request. If the Nonparty timely seeks a protective order, the Receiving Party must not produce any information in its possession or control that is subject to the

1 confidentiality agreement with the Nonparty before a ruling on the protective-order request. Absent a
2 court order to the contrary, the Nonparty must bear the burden and expense of seeking protection of
3 its Protected Material.

4       10. <u>UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL</u>

5       If a Receiving Party learns that by inadvertence or otherwise, it has disclosed Protected
6 Material to any person or in any circumstance not authorized under this Order, the Receiving Party
7 must immediately notify the Designating Party in writing of the unauthorized disclosures; use its best
8 efforts to retrieve all unauthorized copies of the Protected Material; inform the person or persons to
9 whom unauthorized disclosures were made of the terms of this Order; and ask that person or persons
10 to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

11       11. <u>INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED
12 MATERIAL</u>

13       When a Producing Party gives notice to Receiving Parties that certain inadvertently produced
14 material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties
15 are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to
16 modify whatever procedure may be established in an e-discovery order that provides for production
17 without prior privilege review. Pursuant to Federal Rule of Evidence 502(d) and (e), insofar as the
18 parties reach an agreement on the effect of disclosure of a communication or information covered by
19 the attorney-client privilege or work product protection, the parties may incorporate their agreement
20 in the stipulated protective order submitted to the court.

21       12. <u>MISCELLANEOUS</u>

22       12.1 <u>Right to Further Relief</u>. Nothing in this Order abridges the right of any person to seek its
23 modification by the Court.

24       12.2 <u>Right to Assert Other Objections</u>. By stipulating to the entry of this Order, no Party waives
25 any right it otherwise would have to object to disclosing or producing any information or item on any
26 ground not addressed in this Order. Similarly, no Party waives any right to object on any ground to
27 use in evidence of any of the material covered by this Order.

28

1    12.3 Filing Protected Material. Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Protected Material. A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 141. Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue.

13. FINAL DISPOSITION

After the final disposition of this Action, as defined in paragraph 4, within 60 days of a written request by the Designating Party, each Receiving Party must return all Protected Material to the Producing Party or destroy such material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60-day deadline that identifies (by category, when appropriate) all the Protected Material that was returned or destroyed and affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries, or any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings; motion papers; trial, deposition, and hearing transcripts; legal memoranda; correspondence; deposition and trial exhibits; expert reports; attorney work product; and consultant and expert work product even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Order as set forth in Section 4 (DURATION).

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

**IT IS SO STIPULATED THROUGH COUNSEL OF RECORD.**

Date: February 6, 2025                               **MOON LAW GROUP, P.C.**

                                        By:*/s/ Jacquelyne VanEmmerik*
                                        Kane Moon
                                        Allen Feghali
                                        Jacquelyne VanEmmerik

                                        *Attorneys for Plaintiffs,*
                                        *Raymond Kietsathit and Andrew Ocon*


Dated:  February 6, 2025                             **JACKSON LEWIS P.C.**

                                  By:   */s/ Alis M. Moon*
                                        Christian J. Keeney
                                        Alis M. Moon
                                        Semarnpreet Kaur

                                        *Attorneys for Defendant,*
                                        *Central Transport LLC*

IT IS SO ORDERED.

Dated:   February 7, 2025             _____
                                        JEREMY D. PETERSON
                                        UNITED STATES MAGISTRATE JUDGE

# **EXHIBIT A**

ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Eastern District of California on [date] in the case of *RAYMOND KIETSATHIT and ANDREW OCON, individually, and on behalf of all others similarly situated v. CENTRAL TRANSPORT LLC; and DOES 1 through 10, inclusive*; Case No 2:24−CV−02493−KJM−JDP. I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Eastern District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ [print or type full name] of _____ [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____